# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>EVERADO GARCIA-MARTINEZ,<br><br>             Defendant. | No. 2:25-MJ-5806<br><br>**ORDER DENYING WITHOUT PREJUDICE GOVERNMENT'S PARTIALLY OPPOSED MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 48(a)** |

The government moves to dismiss the complaint in this matter without prejudice pursuant to Federal Rule of Criminal Procedure 48(a). Defendant opposes the motion in part to the extent that it seeks dismissal without prejudice rather than with prejudice. In order to balance the "considerable deference" owed to the government's non-prosecution decisions, *United States v. Gonzalez,* 58 F. 3d 459, 461 (9th Cir. 1995), with the court's duty to ensure that dismissal—with or without prejudice—is in the "public interest," *United States v. Garcia-Valenzuela,* 232 F. 3d 1003, 1008 (9th Cir. 2000), the government must provide "the prosecutor's reasons for seeking to dismiss." *United States v. Derr,* 726 F.2d 617, 619 (10th Cir. 1984); *see United States v. Palomares,* 119 F.3d 556,558 (7th Cir. 1997); *United States v. Salinas,* 693 F.2d 348, 352 (5th Cir.

1  1982); *United States v. Ammidown,* 497 F.2d 615, 620 (D.C. Cir. 1973);
2  *United States v. Roblero,* 2024 WL 994640, at *2 (S.D. Cal. Mar. 7,
3  2024).
4     No such reasons are provided in the motion.  Other than
5  asserting in conclusory terms that dismissal is "in the interests of
6  justice" and announcing the government's wish "to proceed" with this
7  case at some undefined point "should circumstances warrant," the
8  motion contains no reasons for the dismissal request on a criminal
9  complaint that it otherwise filed (presumably) in good faith at the
10 behest of a coordinate executive agency.  Nor does the motion
11 explain, if preserving future prosecution is the goal, why a
12 dismissal with prejudice of the charges in the complaint would
13 prevent the filing of a new complaint for new criminal conduct.
14 What's more, the motion doesn't even state the defendant's current
15 custody status.
16    And even if dismissal were warranted because the defendant may
17 no longer be in custody on the criminal complaint, that explains only
18 the government's need to dismiss.  It doesn't explain at all why
19 dismissal *without prejudice* is justified over dismissal *with*
20 *prejudice*—especially if it is the government itself that caused (even
21 if by inaction, acquiescence, neglect, or oversight) the
22 unavailability of the defendant in a case that it—or the executive
23 agency it represents—decided to enforce by public criminal
24 prosecution rather than unilateral administrative action.
25    All that should be reason enough—even in ordinary circumstances—
26 to file a motion supported by more than just perfunctory and
27 boilerplate assertions.  But with the expected lapse in federal
28 appropriations on September 30, 2025, not to mention the overall

reductions in funding for federal defender services and the depletion of criminal justice act funds generally, the government should at least elaborate the good faith reasons it had for invoking the criminal jurisdiction of this court—eventually compelling (as now) excepted employees (clerks, pretrial officers, interpreters, court security officers, federal marshals, and more besides) to work during a government shutdown—and thus setting in motion criminal proceedings that it evidently had no intent to prosecute unless the defendant were, without exception, denied bail and detained pending trial.  If the "interests of justice" are the genuinely paramount concerns justifying dismissal of the complaint without prejudice rather than with prejudice, then the government must at least explain how and why its initiation of this criminal proceeding was vital enough to be considered an essential activity—in the public interest—when a government shutdown was imminent.

    For all these reasons, the government's motion to dismiss the criminal complaint is DENIED WITHOUT PREJUDICE.  If the motion is renewed, the government shall direct it to the undersigned no matter who may be on document duty the day the renewed motion is filed.  Any opposition (even if partial) must be filed within 24 hours of the filing of any renewed motion.  Otherwise, the parties are free to file a stipulation and proposed order dismissing the complaint with prejudice and exonerating any bond within 48 hours of this order.

    IT IS SO ORDERED.

October 21, 2025
DATE

STEVE KIM
UNITED STATES MAGISTRATE JUDGE